ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2010 OCT 26 PM 4:11
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| LUIS ANGEL ROJAS GUZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-066 |
| | ) | |
| WALT WELLS, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the McRae Correctional Facility ("MCF"), in McRae, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C.

---

[1] Plaintiff initially filed the above-captioned case under 42 U.S.C. § 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Thus, relief under § 1983 is not available to Plaintiff. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D. R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

§§ 1915(e) & 1915A.

I.   **BACKGROUND**

Plaintiff names the following Defendants in this action: (1) Erick (sic) Holder, United States Attorney General; (2) Harley G. Lappin, the Director of the Federal Bureau of Prisons ("FBOP"); (3) James E. Burrel (sic), Administrative Remedy Coordinator for the FBOP's Privatization and Management Branch; (4) Harrel Watts, Administrative Remedy Coordinator for the FBOP's National Inmate Appeals; (5) Walt Wells, Warden of MCF; (6) Dr. Joan Roy, the Clinical Director at MCF; (7) Khaty Marti, a nurse at MCF; (8) the Corrections Corporation of America ("CCA")[2]; and (9) MCF.[3] (Doc. no. 1, p. 9.)

Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. The alleged factual basis for this claim is that despite the severe back pain that Plaintiff endures because of a serious spinal cord condition, Defendants Wells, Roy, and Marti have failed to refer him to a specialist, and the treatment he has been provided with has been delayed and ineffective. (Id. at 21.) Plaintiff contends that Defendants Roy and Marti have been "particularly negligent in his medical needs." (Id. (emphasis in original).) Plaintiff maintains that he has made Defendants Roy and Marti aware of his severe pain and need for more specialized medical care by submitting informal requests, and that he has made Defendant Wells aware of his medical needs by filing a formal grievance. (Id. at 21-22.) According to Plaintiff, despite

---

[2]CCA is a private corporation that has contracted with the FBOP to house federal prisoners at MCF.

[3]MCF is a correctional facility privately operated by CCA under contract with the FBOP.

2

these efforts on his part, he has endured seven months of back pain without adequate treatment. (Id. at 22.)

Plaintiff seeks to hold Defendants Holder, Lappin, Burrel, and Watts liable for violating his Eighth Amendment rights because of their alleged supervisory and managerial roles over those responsible for the provision of his medical care. (Id. at 22-23.) In addition, Plaintiff asserts a breach of contract claim, arguing that his purportedly inadequate medical care at MCF constitutes a violation of the terms of the contract between FBOP and CCA relating to CCA's provision of medical care to inmates in its charge. (Id. at 18-20, 23.)

Plaintiff alleges that he has exhausted his administrative remedies and has provided documentation relating to his grievances. (Id. at 13-15 & 33- 52.) Plaintiff seeks relief in the form of a declaration that Defendants have violated his Eighth Amendment rights, an injunction requiring that he receive adequate specialized medical treatment, and monetary damages. (Id. at 30-31.)

At the time he filed his complaint, Plaintiff took it upon himself to mail each Defendant a request for waiver of service. (See Doc. no. 1, pp. 53-80.) As the Court explained in an Order issued in response to subsequent request by four Defendants to extend their deadline for filing a responsive pleading, Defendants are not required to file an answer until the Court screens Plaintiff's Complaint to determine which claims, if any, will be allowed to proceed. (Doc. no. 10, p. 1.) In an IFP case such as this one, only after screening should service be effected, if needed, and in such case should be done pursuant to a court order. 28 U.S.C. § 1915(d). Nevertheless, roughly two months after filing his Complaint and improperly attempting to serve Defendants, Plaintiff filed a "Motion Requesting Procedural

3

Default," in which he argues that he "is entitled to Procedural Default" for Defendants' failure to waive service within the time limit set forth in Fed. R. Civ. P. 4.[4] (Doc. no. 9.) Apparently realizing that he was not entitled to default judgment when Defendants had not been properly served, Plaintiff then filed a "Motion Requesting for Service of Process by U.S. Marshal, Deputy Marshal, or by Someone Specially Appointed by the Court, Pursuant to Rule 4(c)(3)." (Doc. no. 15.) In addition, Plaintiff has filed a Motion for Summary Judgment. (Doc. no. 12.) Four Defendants have filed responses in opposition to Plaintiff's Motion for Procedural Default and Motion Requesting Process (doc. nos. 11, 16), as well as a "Motion to Stay Response Deadline as to Plaintiff's Motion for Summary Judgment" (doc. no. 14).

## II. DISCUSSION

### A. Failure to State a Bivens Claim Against CCA, MCF, and Individual CCA Employees

Plaintiff attempts to hold Defendants Wells, Roy, Marti, CCA, and MCF liable for violating his Eighth Amendment rights under Bivens.[5] With respect to these Defendants, the threshold question arises as to whether liability under Bivens may extend to privately operated prisons and their individual employees. The applicable Eleventh Circuit and Supreme Court case law make clear that it may not.

---

[4] In conjunction with his Motion for Procedural Default, Plaintiff filed an "Objection that an 'AUSA' Represent Private Actors Under the 28 USCS § 547," in which he argues against the United States Attorney's Office's representation of individuals employed by CCA. (Doc. no. 9, pp. 3-4.) For the reasons explained below, the Court finds no occasion to address this contention.

[5] As noted above, because relief under § 1983 is unavailable to Plaintiff, the Court will construe his complaint as an attempt to state a claim under Bivens. See supra note 1.

4

In Alba v. Montford, 517 F.3d 1249, 1251 (11th Cir. 2008), the Eleventh Circuit held that "a federal prisoner incarcerated in a privately operated prison may [not] pursue a Bivens action against employees of the private prison for allegedly violating his Eighth Amendment right to medical treatment." The Alba court further explained that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available. Alba, 517 F.3d at 1254. Additionally, the Fourth Circuit has noted that the fact that Defendants are employees of a private corporation should "counsel[] hesitation" in extending Bivens. Holly, 434 F.3d at 291. If the purpose of Bivens is to deter federal government officials from misconduct, it would appear doubtful that Bivens should be applied to private citizens such as the Defendants in this action employed by CCA. Id. Moreover, the Constitution itself is meant to circumscribe the limits of *government* action, not private action. Id. Of course, Plaintiff may argue that, in operating a private prison housing federal inmates, Defendants have become government actors. The Court rejects this argument. As noted by the Fourth Circuit, under the Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 405 (1997), "the operation of prisons is not a 'public function.'" Holly, 434 F.3d at 293. As a result, it is difficult to see how Defendants' actions in connection with Plaintiff's medical care at a privately operated prison can be properly considered government action that could give rise to Bivens liability. See id. at 293-94.

More importantly, Plaintiff has an adequate remedy against Defendants individually in state court. See Alba, 517 F.3d at 1254 (noting that Bivens liability is inappropriate where adequate state remedies exist). Addressing this issue, the Tenth Circuit has explained:

[A] Bivens claim should not be implied unless the plaintiff has no other

5

> means of redress or unless he is seeking an otherwise nonexistent cause of action against the individual defendant. Therefore, [the Court] will not imply a Bivens cause of action for a prisoner held in a private prison facility when [the Court] conclude[s] that there exists an alternative cause of action arising under either state or federal law against the individual defendant for the harm created by the constitutional deprivation.

Peoples v. CCA Detention Centers, 422 F.3d 1090, 1103 (10th Cir. 2005); see also Holly, 434 F.3d at 295-96. In other words, where a plaintiff "possesses an alternative remedy for his alleged injury, no action under [Bivens] lies." Holly, 343 F.3d at 297 (Motz, J., concurring).

Here, the sole basis for Plaintiff's Bivens claim is allegedly inadequate medical care. Georgia law clearly provides him with a tort remedy for this claim in state court. See O.C.G.A. § 9-3-70 (explaining that "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"). Indeed, Plaintiff possesses an "arguably superior" cause of action "under the state law of negligence." Holly, 434 F.3d at 287. Georgia law provides Plaintiff with a cause of action for negligence and medical malpractice. See, e.g., ARA Health Services v. Stitt, 551 S.E.2d 793, 794 (Ga. App. 2001) (former inmate brought claims of negligence and medical malpractice against doctor, prison officials, and medical services corporation). Plaintiff may also sue for punitive damages. See id. In fact, in addition to his causes of action against the individual CCA employees, in state court Plaintiff may even be able to recover against CCA on a theory of *respondeat superior*, see, e.g., Dozier v. Clayton County Hosp. Auth., 424 S.E.2d 632, 634-35 (Ga. App. 1992), which would not be a cognizable basis for liability in a Bivens action. See Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 63 (refusing to allow Bivens claim

6

against private entity operating a halfway house under contract with Bureau of Prisons).

Concerning Defendants CCA and MCF, Bivens does not extend to allow recovery against private corporations like CCA that operate facilities under contract with the Bureau of Prisons, or against such facilities themselves, such as MCF. See Correctional Services Corp. v. Malesko, 534 U.S. at 63, 71-74.

In sum, Plaintiff has an adequate and effective remedy for his claims of inadequate medical care. As a result, extending liability in the instant case is not necessary either to afford Plaintiff with a remedy or to deter unconstitutional conduct. Indeed, Plaintiff possesses state law claims which "an inmate in a government-run facility would not have" because they would be barred by the Federal Tort Claims Act. Holly, 434 F.3d at 287. Having concluded that Bivens may not be extended to the instant case, Plaintiff's claims should be dismissed. Accordingly, Defendants Wells, Roy, Marti, CCA, and MCF should be dismissed from this action.

### B. No Respondeat Superior Liability Against Defendants Holder, Lappin, Burrel, and Watts

Plaintiff's complaint only refers to Defendants Holder, Lappin, Burrel, and Watts with regard to actions taken by these Defendants in their respective supervisory roles. (See Doc. no. 1, pp. 22-23.) These Defendants cannot be held liable under Bivens because "[i]t is well established in [the Eleventh Circuit] that supervisory officials are not liable under Bivens for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Darymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003) (punctuation omitted) (quoting Hartley v. Parnell, 193 F.3d 1263, 1268-69 (11th Cir. 1999)). To hold an official in a supervisory position liable, a Bivens plaintiff must demonstrate that either (1) the

7

supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). With respect to Defendants Holder, Lappin, Burrel, and Watts, Plaintiff has not alleged personal involvement with his medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Holder, Lappin, Burrel, and Watts and the asserted constitutional violation of his Eighth Amendment right to medical treatment. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[6] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Holder, Lappin, Burrel, and Watts. Accordingly, Plaintiff fails to state

---

[6] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

8

a claim for relief against these Defendants, and they should be dismissed from this case.

C. **State Law Claims**

As explained above, Plaintiff has failed to state a federal Bivens claim against any of the Defendants named in this action. Plaintiff's other claims, including his breach of contract claim, arise under state law.

This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."[7] Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no

---

[7]Plaintiff also fails to qualify for the other forms of federal court jurisdiction asserted in his complaint. Plaintiff has not established diversity jurisdiction because he has not set forth any allegations as to the citizenship of the parties or the amount in controversy in his state law claims (all of the damages requested by Plaintiff relate to his Eighth Amendment inadequate medical care claim). 28 U.S.C. § 1332(a). And contrary to Plaintiff's assertion, his claims do not warrant extension of jurisdiction under the Alien Tort Statute, 28 U.S.C. § 1350, because Plaintiff's claims of inadequate medical care and breach of contract do not fit within the "very limited set of claims" arising under "the law of nations" that would give rise to such jurisdiction. See Sosa v. Alvarez-Machain, 542 U.S. 692, 720 (2004). Likewise, federal court jurisdiction does not exist pursuant to 42 U.S.C. § 1985 & 1986, as Plaintiff has not shown a civil rights violation, much less a conspiracy to interfere with his civil rights.

9

longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### D. Motion for Summary Judgment

Plaintiff asserts that he is entitled to summary judgment because he has shown a lack of adequate medical treatment for his spinal injuries as well as violations of the inmate medical care provisions of the contract between CCA and the FBOP. As an initial matter, the Court notes that Plaintiff did not file the separate statement of material facts required by Local Rule 56.1. Plaintiff's motion therefore does not comply with the letter or the spirit of the Local Rule governing motions for summary judgment, and for that reason alone is subject to summary denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir.

1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court . . . ."). Furthermore, as Defendants have not been properly served and there has been no opportunity to conduct discovery or develop the record, Plaintiff's motion for summary judgment is premature. Finally, as explained above, Plaintiff has failed to state any federal claim upon which relief may be granted. His Motion for Summary Judgment (doc. no. 12) should therefore be **DENIED**.[8]

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, that Plaintiff's Motion for Summary Judgment be **DENIED**, and that this civil action be **CLOSED**.[9]

SO REPORTED and RECOMMENDED this 26th day of October, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8]In an Order issued simultaneously with this Report and Recommendation, the Court has granted the Motion to Stay Response Deadline as to Plaintiff's Motion for Summary Judgment filed by four Defendants (doc. no. 14).

[9]In light of its recommendation that the case be closed and that service of process should not issue against any defendant, the Court also **REPORTS** and **RECOMMENDS** that Plaintiff's Motion Requesting Procedural Default (doc. no. 9) and Motion Requesting Service of Process (doc. no. 15) be **DENIED AS MOOT**.

11