ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LUIS ANGEL ROJAS GUZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-066 |
| | ) | |
| WALT WELLS, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 22). The Magistrate Judge recommended that Plaintiff's Eighth Amendment claims based on inadequate medical treatment be dismissed for failure to state a claim upon which relief may be granted, and that Plaintiff's state law claims be dismissed without prejudice for lack of subject matter jurisdiction.[1] (Doc. no. 20.) The Magistrate Judge further recommended the dismissal of Defendants Holder, Lappin, Burrel, and Watts because of Plaintiff's failure to allege any personal involvement on their part in the alleged violation of his constitutional rights. (Id. at 7-9.) In addition, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied. (Id. at 10-11.)

In his objections, Plaintiff attempts to establish the personal involvement of Defendants Holder, Lappin, Burrel, and Watts by invoking a standard from 42 U.S.C. § 1986. Plaintiff's reliance on § 1986 is misplaced, as he has not attempted to state a claim under 42 U.S.C. § 1985,

---

[1] Plaintiff initially filed this case under 42 U.S.C. § 1983. Because Plaintiff is a federal prisoner incarcerated at McRae Correctional Facility, the Magistrate Judge concluded that he could not obtain relief pursuant to § 1983, which only authorizes claims against persons acting under color of state law. (Doc. no. 20, p. 1 n.1.) Accordingly, the Magistrate Judge correctly construed Plaintiff's complaint as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

and "a cause of action under 42 U.S.C. § 1986 is dependent on a valid claim under § 1985." Rosado v. Curtis, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995). As correctly noted by the Magistrate Judge, these Defendants must be dismissed because Plaintiff has failed to allege a sufficient causal connection between these Defendants and the constitutional violations he has alleged. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*).

Plaintiff also objects on the basis that the Magistrate Judge allegedly lacked neutrality and impartiality in rendering the R&R. The only discernable factual basis asserted by Plaintiff in support of this contention is that, "in the Plaintiff's personal opinion an [Assistant United States Attorney] would have recommended the same R&R that the Magistrate did . . . ." (Doc. no. 22, p. 4.) This bare assertion based on nothing more than the issuance of an unfavorable recommendation is completely inadequate to call into question the neutrality or partiality of the Magistrate Judge. See United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (finding no merit in assertion of judicial bias where the "only evidence of bias is the district court's adverse ruling . . . ."). Plaintiff's remaining objections also lack merit, and do not require elaboration. As Plaintiff has provided no basis for departing from the analysis in the Magistrate Judge's R&R, his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's state law claims are **DISMISSED** without prejudice, Plaintiff's Motion for Summary Judgment (doc. no. 12) is **DENIED**, and this civil action is **CLOSED**. In addition, Plaintiff's Motion Requesting Default and Motion Requesting Service of Process are **DENIED AS MOOT**. (Doc. nos. 9, 15.)

SO ORDERED this 30 day of November, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2